```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Lamar Boston,

      Plaintiff,

   v.                              Case NO. 2:15-cv-2660

Gary Mohr, et al.,

      Defendants.

## ORDER

Plaintiff, a state inmate confined at the Ohio State Penitentiary, brought the instant action under 42 U.S.C. §1983, against several defendants associated with the Ohio Department of Rehabilitation and Correction ("the Department"), contending that his constitutional rights were violated due to various alleged conditions and incidents at the institution.  The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2) to identify cognizable claims and to recommend dismissal of any claims which were frivolous, malicious, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief.  On July 30, 2015, the magistrate judge issued a report and recommendation concluding that the complaint failed to state a claim for relief against defendant Gary Mohr, the director of the Department, and defendant "Legal Services," described by plaintiff as being an entity responsible for overseeing disciplinary proceedings.  Doc. 3, pp. 5-6.  The magistrate judge further concluded that, insofar as plaintiff sought monetary damages from defendant Legal Services, a state agency, and from defendant Mohr in his official capacity as a director of a state agency, this claim was barred by the Eleventh

Amendment.  Doc. 3, p. 6.  The magistrate judge recommended that the claims against defendants Mohr and Legal Services be dismissed with prejudice.  The magistrate judge also noted that plaintiff is incarcerated in Mahoning County, that plaintiff's claims concern incidents and conditions of confinement which allegedly occurred at his place of confinement, and that the remaining claims are against defendants who do not reside in this district.  The magistrate judge concluded that venue in this court is not proper, and recommended that this action be transferred to the United States District Court for the Northern District of Ohio.  Doc. 3, pp. 6-7.

The report and recommendation specifically advised plaintiff that objections to the report and recommendation were due within fourteen days, and that the failure to object to the report and recommendation "will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the judgment of the District Court."  Doc. 3, pp. 7-8.  The time period for filing objections to the report and recommendation has expired, and no objections to the report and recommendation have been filed.

Accordingly, the court adopts the report and recommendation (Doc. 3).  The claims against defendants Mohr and Legal Services are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b) for failure to state a claim for which relief may be granted.  This action is transferred to the United States District Court for the Northern District of Ohio at Youngstown.

Date: August 25, 2015              s/James L. Graham
                                   James L. Graham
                                   United States District Judge

2